**JS-6**
**LINK: 32**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV-08-8666 GAF (RCx) | Date | February 11, 2009 |
|---|---|---|---|
| Title | Phil Ganezer et al. v. DirectBuy, Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **(In Chambers)**

### ORDER RE: MOTION TO REMAND

Defendant DirectBuy, Inc. ("DBI"), sells franchises to individuals who in turn operate outlets through which they market a direct-buying service to members of the public through a club membership program.  Plaintiffs Phil Ganezer and Lynnette Sohl, purchasers of memberships in the program, bring suit against DBI and one of its franchisees claiming that the benefits of membership in the direct-buying organization are misrepresented.  The suit was filed in Superior Court; DBI removed to this Court under the provisions of the Class Action Fairness Act ("CAFA").  Plaintiffs now move to remand claiming that the CAFA amount in controversy and minimal diversity requirements have not been met.

The Court concludes that DBI has easily established that more than $5 million is in controversy.  The issue of minimal diversity is slightly more complicated because DBI maintains a presence in California through its franchisees rather than company-owned stores.  However, the Ninth Circuit in Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 501 n.3 (9th Cir. 2001) indicates that the operation of franchise locations should be considered for purposes of determining diversity jurisdiction.  Here DBI ignores the activities of its franchise locations and fails to provide the Court with the information sufficient to satisfy the multi-factor test for determining its principal place of business. Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990).  Because the burden is on DBI to establish jurisdiction, and because it has provided no comparative data regarding its business activities in the various states, it has failed to meet its burden of proving that its principal place of business is outside California.  The motion to remand is therefore **GRANTED.**  The Court's reasoning is set forth

**JS-6**
**LINK: 32**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-08-8666 GAF (RCx) | Date | February 11, 2009 |
|---|---|---|---|
| Title | Phil Ganezer et al. v. DirectBuy, Inc et al | | |

below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-08-8666 GAF (RCx) | Date | February 11, 2009 |
|---|---|---|---|
| Title | Phil Ganezer et al. v. DirectBuy, Inc et al | | |

### A. BACKGROUND

On behalf of "all consumers in the State of California who purchased discount buying organization memberships from Defendants," Plaintiffs filed a class action lawsuit in Superior Court against DBI, an Indiana corporation, The Sequoia Group, a California limited liability company and citizen of California, and Does 1-100, alleging violation of several of California's unfair competition laws.  Plaintiffs contend, among other things, that the defendants falsely represent that their DirectBuy club provides its members the opportunity to buy goods and services directly from manufacturers and suppliers at cost, and that the club otherwise defrauds its members through improper fees and overcharges.  DBI removed the case to this Court pursuant to CAFA, and Plaintiffs now move to remand the action to state court.

Plaintiffs contend that DBI has failed to prove that the case meets CAFA's amount in controversy threshold of $5 million, and that it has not established minimum diversity because it has failed to prove that DBI's principal place of business is outside California.  Though Plaintiffs raise both issues, the only potentially meritorious issue is that of minimal diversity,  which requires the Court to determine whether DBI has presented sufficient evidence to prove that it is not a California citizen.  The Court is satisfied that DBI has established the amount in controversy by presenting evidence that it has more than 29,000 members in California, that Plaintiff seeks $1,000 for each class member for each violation or three times the amount of actual damages plus restitution.  Plaintiffs' complaint plainly puts more than $5 million in controversy.  The Court therefore turns to the question of DBI's citizenship.

### B. DISCUSSION

#### 1. CAFA Jurisdiction

CAFA provides in pertinent part:

> (d)(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
> > (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

28 U.S.C. § 1332(d)(2).  In this case, since the suit is brought on behalf of a class of California plaintiffs and because co-defendant The Sequoia Group is a citizen of California, minimal diversity requires proof that DBI is not a California citizen.  CAFA does not change the rules

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-08-8666 GAF (RCx) | Date | February 11, 2009 |
|---|---|---|---|
| Title | Phil Ganezer et al. v. DirectBuy, Inc et al | | |

regarding the burden of establishing the propriety of federal jurisdiction – the burden remains on the removing party to establish that the district court may assert jurisdiction over the claims. Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006).  Accordingly, DBI bears the burden of proving, by a preponderance of the evidence, that it is not a citizen of the state of California to establish the diversity element of its jurisdictional claim.

### 2.  Determination of Corporate Citizenship

For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).  It is undisputed that DBI is incorporated in Indiana and, thus, is a citizen of Indiana.  DBI must therefore prove that its principal place of business is not in California which requires more than presenting evidence that its corporate headquarters are found in Indiana.

### A.  The Applicable Tests

In determining a corporation's principal place of business, federal courts utilize one of two tests: the "place of operations" test or the "nerve center" test.  Indus. Tectonics, 912 F.2d at 1092.  However, circuit precedent clearly holds that the "nerve center" test, which focuses on the location of the corporation's executive and administrative functions, applies only where no state contains a substantial predominance of the corporation's business activities.  Id., at 1094.  The circuit reasons that a state in which a corporation's business predominates will not face the risk of local prejudice against an "outsider," and that, because the greatest potential for litigation against the corporation will be in that state, treating it as a citizen under Section 1332 lessens the district court's litigation burden by reducing its diversity caseload.  Id.; see also Friend v. Hertz Corp., No. 08-16963, 2008 WL 4750198, *1 (9th Cir. Oct. 30, 2008).  The diversity statute's legislative history also suggests that "a corporation's principal place of business generally should be where most business operations are carried out rather than where policy making functions are carried out."  Indus. Tectonics, 912 F.2d at 1094 (citing Inland Rubber Corp. v. Triple A Tire Service, Inc., 220 F. Supp. 490, 492-94 (S.D.N.Y. 1963).  Accordingly, because the burden is on DBI to establish jurisdiction, it has the burden in the first instance of proving that its "place of operations" – the state in which it conducts a substantial predominance of its business –  is in a state other than California.  Tosco, 236 F.3d at 499.

### B.  Place of Operations – Factors

The Ninth Circuit employs a number of factors to determine whether a particular state contains a "substantial predominance" of a corporation's business activities, including: (1) the

**JS-6**
**LINK: 32**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV-08-8666 GAF (RCx) | Date | February 11, 2009 |
|---|---|---|---|
| Title | Phil Ganezer et al. v. DirectBuy, Inc et al | | |

location of employees; (2) tangible property; (3) production activities; (4) location of its purchases; (5) sources of income; and (6) where the sales take place.  Tosco, 236 F.3d at 500.  This inquiry "plainly requires a comparison of that corporation's business activity in the state at issue to its business activity in other individual states."  Id.; Indus. Tectonics, Inc., 912 F.2d at 1094.  Notably, "'substantial predominance' does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of corporation's business activity in one state be significantly larger than any other state in which the corporation conducts business."  Tosco, 236 F.3d at 500.  Thus, in Industrial Tectonics and in Tosco, the Ninth Circuit engaged in a quantitative and comparative analysis of the defendants' business activities across various states under each factor.  See Tosco, 236 F.3d at 501-02; Indus. Tectonics, Inc., 912 F.2d at 1194; Friend, 2008 WL 4750198, at *1.  Guided by such precedent, district courts have also engaged in such factor analysis.  See, e.g., Arellano v. Home Depot U.S.A. Inc., 245 F. Supp. 2d 1102 (S.D. Cal. 2003); Ho v. Ikon Office Solutions, Inc., 143 F. Supp. 2d 1163 (N.D. Cal. 2001); Ghaderi v. United Airlines, Inc., 136 F. Supp. 2d 1041 (N.D. Cal. 2001).

### C. Place of Operations – Application

DBI offers the declaration of one of its executives to prove that all of its approximately 430 employees, who are engaged in the performance of executive and administrative functions, are located in Indiana.  (Supplemental Yast Decl. ¶ 9.)  Likewise, its property, which consists of its corporate headquarters where its executives and administrators work, is also located in Indiana.  (Id.)  DBI also presents evidence that its business activities (as distinguished from the activities of its franchisees) occur entirely within Indiana because that is where its 430 employees market franchises, train the franchisees and receive their fees. (Id., ¶¶ 7-9.)  Indeed, DBI contends that "it has no other place of business" outside of Indiana.  (Id., ¶ 7.)  However, the declaration ignores the operation of franchise locations entirely and provides the Court with none of the comparative data required under Ninth Circuit jurisprudence.  Tosco, 236 F.2d, at 499 (determination of state of predominant business activity "plainly requires a comparison of that corporation's business activity in the state at issue to its business activity in other individual states").  The Court notes the following:

> (1) DBI provides no comparative data regarding the total number of franchise locations, the number in each state, and California's relative portion of the total.  In fact, the Court has learned from information provided by Plaintiffs that California has more DBI locations than any other state and has approximately 10%

---

**JS-6**
**LINK: 32**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV-08-8666 GAF (RCx) | Date | February 11, 2009 |
|---|---|---|---|
| Title | Phil Ganezer et al. v. DirectBuy, Inc et al | | |

of all franchise locations.[1]

(2) DBI provides no information regarding the total number of memberships sold to the public, California's relative percentage of that total and how that percentage compares to the percentage of memberships sold to the public in the other 32 states where DBI does business.

(3) DBI provides no comparative data regarding its total annual revenue, the relative percentage of revenue generated from California locations, and how the revenue from California locations compares with revenues generated by DBI outlets in other states.

(4) DBI provides no information concerning the total annual sales volume of its franchise outlets, the sales volume generated by California outlets, and how the volume generated in California compares to that generated in other states.

(5) DBI provides no information regarding its total annual purchases, whether and in what amount it purchases inventory in California, and how its purchases in California compare with purchases in other states.[2]

Plaintiffs persuasively argue that these deficiencies demonstrate that DBI has not met its burden of proving that it is a citizen of a state or states other than California. They further argue

---

[1]Plaintiffs offer a list from DBI's website, as well as DBI's 2007 Uniform Offering Circular, to show DBI has over one hundred and twenty-one outlets in thirty-three states. (Hefland Decl., Ex. A at 52, Ex. B.) Twelve (ten percent) of the outlets are in California. (Id.) Moreover, DBI admits it has over 29,000 California members, who each paid about $1,000 in initial membership fees. (Yast Decl. in support of Notice of Removal ¶¶ 7-8.) Thus, the information before the Court tends to suggest that a substantial predominance of DBI's business is done in California, which would affirmatively defeat diversity jurisdiction. However, the Court need not make such a finding because the burden is on DBI to establish that it is not a citizen of California.

[2]Certain district courts have considered the comparative population of states in which a corporation operates to determine whether activities are significantly larger in one state than another; such courts have recognized that with the nation's largest population, California will often produce the largest amount of business activity. See, e.g., Arellano, 245 F. Supp. 2d at 1107; Ho, 143 F. Supp. 2d at 1167-68. The Ninth Circuit squarely rejected such consideration of California's population size in Friend. 2008 WL 4750198, at *1 n.. The purpose of diversity jurisdiction is to ensure a defendant with minimal contact with California is not in jeopardy of being mistreated in California courts. A large amount of business in California assuages this concern. See id.

**JS-6**

**LINK: 32**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV-08-8666 GAF (RCx) | Date | February 11, 2009 |
|---|---|---|---|
| Title | Phil Ganezer et al. v. DirectBuy, Inc et al | | |

that the evidence before the Court proves that California is DBI's principal place of business under the place of operations test.  The Court need not reach that issue, however, because the burden is on DBI to prove otherwise.  DBI's failure to address the comparative analysis factors of the <u>Indust. Tectonics/Tosco</u> test precludes a meaningful comparison.  DBI has therefore failed to prove that its activities substantially predominate in Indiana or, alternatively, that its activities do not substantially predominate in any one state such that the "nerve center" test should apply.  Therefore, under the "place of operations" test, DBI has failed to meet its burden to prove to the Court that California is not its principal place of business.

### C.  CONCLUSION

DBI has failed to meet its burden of proving minimal diversity under CAFA.  Accordingly, the Court **GRANTS** Plaintiffs' motion to remand.


**IT IS SO ORDERED.**